**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JOANN CUTAR, on behalf of herself and 383 other similarly situated California residents,<br><br>Plaintiffs,<br><br>v.<br><br>HRB DIGITAL LLC and HRB TAX GROUP, INC.,<br><br>Defendants. | ) | No. 4:25-cv-00912-DGK |

**ORDER GRANTING MOTION TO REMAND**

This lawsuit is a single-count declaratory judgment action seeking interpretation of H&R Block's "Online Services Agreement." Plaintiffs are all California citizens, and Defendants are all Missouri citizens. Plaintiffs filed suit in the Circuit Court of Jackson County, Missouri, as required by the agreement. Before being served, however, Defendants removed the lawsuit to federal court, a procedure known as "snap removal."

Now before the Court is Plaintiffs' Motion to Remand. ECF No. 7. Because this Court has previously held that "snap removal where only forum defendants are named is inconsistent with the fundamental purposes of removal and the forum defendant rule," *Fin. Credit Inv. II Tr. E v. Est. of Towers*, No. 4:23-CV-00355-DGK, 2023 WL 6809612, at *3 (W.D. Mo. Oct. 16, 2023), the motion is GRANTED. Plaintiffs' request for fees and costs under 28 U.S.C. § 1447(c) is denied.

**Background**

On November 17, 2025, Plaintiffs filed this action against Defendants in the Circuit Court of Jackson County, Missouri. On November 21, 2025, Defendants removed to this Court based

on diversity jurisdiction, 28 U.S.C. § 1332, before Plaintiffs served them. On December 12, 2025, Plaintiffs moved to remand.

**Standard**

Under 28 U.S.C. § 1332(a), the Court has original jurisdiction over cases where the parties are citizens of different states and the amount in controversy exceeds $75,000. A defendant normally may remove an action from state court where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). But the power to remove is subject to an exception found in 28 U.S.C. § 1441(b)(2) known as the "forum defendant rule." This rule prohibits an action from being removed to federal court if any defendant "properly joined and served" is a citizen of the state in which the action is brought. § 1441(b)(2). Violation of the forum defendant rule is a non-jurisdictional defect that is waived if not raised within thirty days after removal. *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020).

So, what happens if the defendant removes the action before the plaintiff properly joins and serves the forum-state defendant? The Eighth Circuit has not weighed in on this question, and the Courts of Appeals are split, with most permitting it in some fashion: The Fifth Circuit permits snap removal by a single forum defendant, *Anaya v. Schlumberger Tech. Corp.*, 2024 WL 5003579 at *3 (5th Cir. 2024) (extending logic of earlier decided Fifth Circuit cases to allow snap removal in cases with just a single forum defendant); as does the Second Circuit, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (authorizing snap removal by in-state defendants); the Third Circuit, *Encompass Ins. Co. v. Stone Mountain Rest., Inc.*, 902 F.3d 147, 151–54 (3d Cir. 2018) (same); and the Sixth Circuit, *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); but the Eleventh Circuit has criticized in dicta snap removal in a situation similar to this one, *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (noting that the purpose of the

"properly joined and served" language in the forum-defendant rule is to prevent gamesmanship by plaintiffs, and prohibiting pre-service removal by a forum defendant prevents analogous gamesmanship by defendants).

That said, this and other district courts in the Western District of Missouri have generally remanded cases where, as here, a defendant filed a notice of removal before the forum defendant could be served. *See Towers*, 2023 WL 6809612, at *3 ("The Court finds snap removal where only forum defendants are named is inconsistent with the fundamental purposes of removal and the forum defendant rule."); *Bryan v. Hobby Lobby Stores, Inc.*, No. 19-CV-00322-W-JTM, 2019 WL 13203970, at *2 (W.D. Mo. July 9, 2019); *Prather v. Kindred Hosp.*, No. 14-CV-0828-W-FJG, 2014 WL 7238089, at *3 (W.D. Mo. Dec. 17, 2014) ("Such gamesmanship on the part of defendants will not be rewarded."); *Ludwig v. Diamond Resorts Int'l Mktg., Inc.*, No. 14–03111-CV-S–BP (W.D. Mo. Apr. 23, 2014); *Herling v. Thyssenkrup Access Corp.*, No. 10-CV-1107-W-ODS, 2011 WL 649021, at *1 (W.D. Mo. Feb. 11, 2011) ("TKA has not been served, but this does not create the loophole Defendants seek to utilize."); *but see Taten Piepergerdes v. Bd. of Governors of Mo. W. State Univ.*, No. 5:26-CV-6050-RK, 2026 WL 2521856, at *4 (W.D. Mo. Aug. 26, 2026) (holding pre-service removal does not violate the forum-defendant rule, apparently revising view articulated in *Mikelson v. Allstate Fire & Cas. Ins. Co.*, No. 16-CV-01237-W-RK, 2017 WL 634515, at *6 (W.D. Mo. Feb. 16, 2017)).

Finally, the burden of establishing federal jurisdiction is on the party seeking removal. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (quotation omitted).


Case 4:25-cv-00912-DGK Document 19 Filed 09/24/26 Page 3 of 6

## Discussion

Plaintiffs argue the Court should remand because: (1) Defendants Notice of Removal was defective because it purportedly failed to adequately plead complete diversity of the parties; (2) Defendants cannot establish the requisite amount in controversy; and (3) Defendants' removal violates the forum-defendant rule. Defendants disagree.

While this motion presents a variety of interesting legal questions, the Court need only address Plaintiffs' third argument because it is dispositive. As the parties are aware, not long ago this Court held that,

> Permitting removal where all defendants are forum defendants would clearly undermine the intent behind the forum defendant rule. This rule is meant to "allow out-of-state defendants to avoid local bias and remove to a federal forum, while preventing plaintiffs from joining, but not serving, forum defendants to block removal." *Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-CV-0152-DGK, 2017 WL 6209705, at *4 (W.D. Mo. Dec. 8, 2017) (quotation omitted). By virtue of being in-state litigants, Defendants are not subject to local biases if required to remain in state court. *See Perez v. Forest Lab'ys, Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D. Mo. 2012) ("The rationale underlying the forum defendant rule is most clearly contravened when a *forum defendant itself* removes the action before being served." (emphasis added)). To the contrary, Plaintiff is the only out-of-state litigant subject to local bias. Additionally, by naming only forum defendants, Plaintiff has not engaged in improper joinder to block removal. Had Plaintiff been given the opportunity to serve *any* defendant, removal would have been precluded. But Plaintiff was not afforded this opportunity given Defendants' hasty removal. *See Perfect Output of Kansas City, LLC v. Ricoh Americas Corp.*, No. 12-0189-CV-W-SOW, 2012 WL 2921852, at *2 (W.D. Mo. July 17, 2012) ("[A]llow[ing] a defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes . . . [which] would be against what the courts have long understood to be Congress' intent." (quotation omitted)); *see also Prather v. Kindred Hosp.*, No. 14-0828-CV-W-FJG, 2014 WL 7238089, at *4 (W.D. Mo. Dec. 17, 2014) (granting

> remand where non-forum defendant removed just two days after plaintiff filed suit and before any defendant could be served). The Court finds snap removal where only forum defendants are named is inconsistent with the fundamental purposes of removal and the forum defendant rule.

*Towers*, 2023 WL 6809612, at *3. Since then, there has been no change in the controlling law.

The Court still believes that "snap removal where only forum defendants are named is inconsistent with the fundamental purposes of removal and the forum defendant rule," so remand is appropriate. This holding is also consistent with the well-established caselaw that all doubts about federal jurisdiction should be resolved in favor of remand, and that the burden of establishing federal jurisdiction is on the party seeking removal.

Turning to Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c), the Supreme Court has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The purpose of § 1447(c) is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140. In the present case, because there was no binding Eighth Circuit caselaw foreclosing Defendants' theory of removal, the Court cannot say Defendants lacked an objectively reasonable basis for removing this case. The request is denied.

**Conclusion**

Plaintiffs' motion is GRANTED, and this case is REMANDED to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date: September 24, 2026

/s/ Greg Kays
GREG KAYS, JUDGE

UNITED STATES DISTRICT COURT